[S. F. No. 5599. In Bank.—October 26, 1911.]

KATE RICHTER, Appellant, v. JAMES LOUIS LIGHT-STON, as Treasurer of the City of San Jose, Respondent.

MUNICIPAL CORPORATION—ORDINANCE RESTRICTING LIQUOR LICENSES TO CERTAIN DISTRICTS — LICENSE FOR BAR IN HOTEL — DETERMINING CHARACTER OF PLACE.—The issuance by the board of health of the city of San Jose of a permit to conduct a hotel, and the issuance of a license to conduct the hotel, is not a conclusive finding against the municipal authorities that the place for which the same were intended is, or is to be conducted as, a hotel, or estop them from declaring, if the facts shall warrant, that a hotel is not actually being conducted, and does not entitle the licensee, as of right, to a license to conduct a bar as a hotel proprietor in such place, under a municipal ordinance forbidding the issuance of liquor licenses outside of certain designated limits of the city, but providing that nothing contained in the ordinance "shall prevent the renewal of any license to conduct a bar in any *bona fide* hotel at present existing within said limits."

ID.—CASUAL ACCOMMODATION OF PERSONS OVER NIGHT.—A finding that "occasionally persons were accommodated over night" at the place where such bar was conducted does not conclusively establish that the business of a hotel was there carried on and is not in conflict with a finding to the contrary.

ID.—PREMISES NOT A HOTEL — EVIDENCE. — The evidence is held sufficient to justify the finding that the place in question was not used as a hotel.

Id.—Reasonableness of District—Irregularity in Shape.—The mere facts of the irregularity in shape of the district within which the ordinance permitted liquor licenses to be granted, and that they were permitted on certain streets radiating from and extending beyond such district, do not of themselves establish the unreasonableness of the district.

Id.—Prohibiting Sale of Intoxicating Liquors — Construction of Ordinance—Title.—An ordinance, the title of which recited that it was for "establishing the limits within which retail and wholesale liquor licenses and transfers thereof will be granted," and the body of which declares that "no licenses for any bar, barroom, saloon or other public drinking place . . . shall be granted," etc., sufficiently shows that it was designed to prohibit the granting of licenses for the sale of intoxicating liquors at retail.

Id.—Failure of Ordinance to Impose Penalty.—Such ordinance, the terms of which are prohibitory, is not rendered futile as a police regulation because it fixes no penalty for its violation. Such penalties may be fixed by other ordinances, and in the case of the city of San Jose, its charter (art. III, chap. II, sec. 1, sub. 16) makes such provision.

Id.—Constitutional Law—Fourteenth Amendment.—Such ordinance is not in conflict with the fourteenth amendment of the constitution of the United States.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

John B. Kerwin, for Appellant.

H. L. Partridge, City Attorney, and Wm. H. Johnson, for Respondent.

HENSHAW, J.—This action is for mandate against the treasurer of the city of San Jose to compel him to issue a quarterly license to maintain a saloon for the sale of intoxicating liquors on plaintiff's premises. Judgment passed for defendant and plaintiff appeals.

Plaintiff had been conducting the business of a saloonkeeper under a quarterly license issued by the city of San Jose. In December, 1907, the city passed an ordinance "establishing the limits within which retail and wholesale liquor licenses and transfers thereof will be granted." This

license ordinance fixed the district and streets within which and upon which such licenses could be issued and forbade the issuance of licenses without this territory and provided "that nothing herein contained shall prevent the renewal of any license to conduct a bar in any *bona fide* hotel at present existing within said limits." This license ordinance by its terms was to take effect after the first day of July, 1908.

Plaintiff pleaded and the court found that on the fourteenth day of July, 1908, plaintiff procured from the treasurer of the city of San Jose a license to conduct a hotel upon the premises of plaintiff for the six months beginning July 1, 1908, and ending on December 31, 1908; that also on the fourteenth day of July, 1908, the board of health of the city of San Jose granted plaintiff a permit to conduct and maintain a hotel upon said premises and that this permit has not been revoked; all in conformity with the ordinances of the city. Plaintiff thereupon made demand upon the treasurer of the city to issue the license for the conducting of a liquor saloon in connection with the hotel and upon the treasurer's refusal to do so this action in mandate was brought.

It is first contended that mandate should issue against the treasurer as of right, since the treasurer is vested with no discretionary power to issue or to refuse to issue such a license, and that the question of petitioner's right thereto is settled by the issuance by the board of health of the permit to conduct the hotel and by the issuance following thereon of the license to conduct the hotel. The issuance of a license permitting one to conduct a hotel is in no sense a binding finding against municipal authorities that the place is, or is to be conducted, as a hotel. Still less does it estop them from declaring, if the facts shall warrant, that a hotel is not actually being conducted. For the same reasons no more force attaches to the permit of the board of health to conduct a hotel, which amounts to nothing other than a declaration that the premises are sufficiently sanitary to justify the issuance of a license for the indicated purposes. Municipalities may well provide for a method by which such disputed questions of fact can be determined. If such a method is not provided it does not become the imperative duty of the license officer to issue a license on demand. He must as the agent of the city be vested with certain discretionary powers and upon his refusal to

issue a license appeal may be made to the council itself, or, as here, to a court.

The court found that "the building wherein such bar and saloon were kept is not and was not a *bona fide* hotel existing at the date of the adoption of such ordinance or existing at any other time or at all." It is contended that this is but a misplaced conclusion and is at variance with a specific finding, No. 16, which declares: "16. That plaintiff has invested large sums of money in her business conducted at Number 575 Keyes Street, which consists of a picnic park or pleasure ground, a saloon or barroom, a grocery store, a house having six bedrooms, one small and one large dining-room, and a kitchen which is kept as a boarding house and eating house, at which the daily boarders varied from four to forty; that said boarding house and eating house was on and before December 18th, 1907, and ever since has been open to the public as a place where meals and lodgings could be had and that occasionally persons were accommodated over night, all of said property is of a total value of $14,000." But unless it can be said that finding 16 conclusively establishes that plaintiff was conducting a hotel business it is not in conflict with the ultimate finding above quoted; and this cannot be said when the sole circumstance pointing to a hotel business is that "occasionally persons were accommodated over night." This is far from establishing that the business of conducting a hotel was there carried on. A consideration of the evidence confirms this conclusion and justifies the finding of the court. There are in this "hotel" six bedrooms, three bedrooms upstairs which are in reality but two rooms, the third being made by dividing one by portieres. In the house there are three double beds, three three-quarter beds and one single bed. There are five children in the family and the husband and wife and the five children occupy the upstairs bedrooms. The bedrooms of the lower floor alone would be available as guest chambers of this hotel, but one of these is occupied by John Cavanaugh and has been so occupied for a year. The remaining two rooms have a concrete floor and one had been used as a kitchen and a kitchen cookstove left therein. One of them is occupied by Meyer and the other small bedroom downstairs is occupied by another person whose name is not disclosed by the record. It may be by the barkeeper as it is in

evidence that the barkeeper sleeps in the house. Thus, there are ten persons in all who continuously occupy the limited accommodations afforded by these six rooms. We think it requires no further elaboration of the evidence to support the finding that this is not a hotel.

Against the validity of the ordinance it is contended that it does not describe a district. But by the stipulation of the parties it appears that the territory "embraced within the exterior boundaries set forth describes the center or business part of the city of San Jose." If, as appellant contends, the district is irregular in shape, and there are certain streets radiating from and extending beyond this district upon which saloons are permitted, these facts do not of themselves establish the unreasonableness of the district, and appellant does not show any additional fact to support her contention.

The fact that the body of the ordinance does not in terms mention intoxicating liquors is immaterial. The title of the ordinance is above given and the body of the ordinance declares that "no licenses for any bar, barroom, saloon or other public drinking place . . . shall be granted," etc. In connection with the title no doubt can be entertained but that the ordinance was designed to prohibit the granting of licenses for the sale of intoxicating liquors at retail. The words "bar," "barroom," and "saloon" whatever their primary significance, have come to have accepted definitions even by the lexicographers as being rooms or places where intoxicants are sold.

There is no force to the argument that the ordinance as an attempted police regulation is futile in that it fixes no penalty for a violation of its terms. Its terms, it will be noted, are prohibitory. It forbids the issuance of a license within the inhibited district. It is the province of other ordinances to impose fines and penalties for the conduct of the prohibited business without a license, and in the case of the city of San Jose the charter itself makes such provision. (Art. III, chap. II, sec. 1, subd. 16.)

It is finally urged that the ordinance is in conflict with the fourteenth amendment to the constitution of the United States and *Barber* v. *Connolly*, 113 U. S. 27, [5 Sup. Ct. 357, 28 L. Ed. 923], is cited in support of this proposition. We fail to perceive its applicability and counsel does not enlighten us upon the point. Recognition is made of the matter, however,

in conformity with the practice of this court that where a federal question is advanced notice will be taken of it in the opinion to serve as the foundation for an application for a writ of error to the supreme court of the United States.

The judgment appealed from is therefore affirmed.

Melvin, J., Lorigan, J., Angellotti, J., Shaw, J., and Sloss, J., concurred.

Rehearing denied.